MAXWELL, J.,
for the Court:
¶ 1. In 2010, this court affirmed a judgment awarding Fannie Cotton forty percent of Eddie Cotton’s retirement based on his employment at Solae LLC during their void marriage.[1] In this appeal, Eddie argues that the chancery court’s order— which clarified that the affirmed judgment included an award to Fannie of forty percent of Eddie’s retirement account with Baker and Confectionary Union (B & CU), an account he has not denied was based on his employment with Solae LLC — improperly changed the judgment in violation of our rules of civil procedure.
¶ 2. But such clarification was necessary because Eddie neither listed the B & CU account on his Rule 8.05 financial declaration form[2] nor' informed the chancery court of the name of his retirement account. We therefore find no abuse of discretion in the chancery court’s order and affirm.
Background
¶ 3. In the previous appeal, this court acknowledged that Eddie had failed to list any retirement account or pension on his Rule 8.05 financial declaration form. Cotton v. Cotton, 44 So.3d 371, 378 (¶ 20) (Miss.Ct.App.2010); see UCCR 8.05 (requiring in all domestic matters involving property disputes that each party provide a detailed written disclosure of his or her financial status, specifically including retirement accounts). Until Eddie testified at trial, the chancellor was unaware that Eddie had accrued retirement income based on his employment with Solae LLC. Based on Eddie’s testimony, the court’s final decree “awarded forty percent of the Retirement of [Eddie] accumulated in the Solae, LLC, retirement account.” Because Eddie had failed to provide specific details about his retirement, we found no error in the general award to Fannie of forty percent of Eddie’s retirement. Cotton, 44 So.3d at 378 (¶ 21).
¶ 4. The present appeal arises from Fannie’s attempt to execute the judgment we affirmed. She attempted to do so by using a qualified domestic relations order (QDRO) to divide Eddie’s retirement account with B & CU. When B & CU rejected her QDRO on the basis she had not been awarded a portion of the account,[3] Fannie filed a motion for interpretation with the chancery court, asking the court to specify that the property award included forty percent of the B & CU retirement account.
¶ 5. The chancellor granted the motion and entered an order interpreting the pri- or judgment. This order explained: (1) the prior judgment had not specifically mentioned Eddie’s retirement account with B & CU because the only detail Eddie had provided about his retirement was that it was connected with his employment with Solae LLC; and (2) through the prior judgment, the court had intended to award Fannie forty percent of any retirement account or pension Eddie had. Thus, the court ordered that Fannie was entitled to forty percent of Eddie’s B & CU retirement account.
¶ 6. Eddie appealed this order.
*1186 Standard of Review
¶ 7. “Chancellors are afforded wide latitude in fashioning equitable remedies in domestic relations matters[.]” Henderson v. Henderson, 757 So.2d 285, 289 (¶ 19) (Miss.2000). We will not disturb a chancellor’s factual findings unless the chancellor was manifestly wrong or clearly erroneous or applied an improper legal standard. Wallace v. Wallace, 12 So.3d 572, 575 (¶ 12) (Miss.Ct.App.2009). But when reviewing a chancellor’s interpretation and application of the law, our standard of review is de novo. Tucker v. Prisock, 791 So.2d 190, 192 (¶ 10) (Miss.2001).
Discussion
¶ 8. We have already found no abuse of discretion in the chancery court’s judgment awarding Fannie forty percent of Eddie’s retirement income. Cotton, 44 So.3d at 378 (¶ 21). While Eddie argues the Mississippi Rules of Civil Procedure provide no mechanism for changing the judgment, we find nothing in the chancellor’s order interpreting the judgment that changes or contradicts the judgment we affirmed. Instead, the order merely clarified the scope of the judgment so that Fannie could execute a QDRO on the B & CU account.
¶ 9. Such clarification was necessary because Eddie failed to identify, either on his Rule 8.05 financial declaration form or at trial, the name of his pension-fund manager. At trial, Eddie testified that he had worked for Solae LLC and that he received retirement income based on that employment. But he was unable to give any further details about his retirement account, in particular what entity managed his retirement account. When it was brought to the chancery court’s attention that Eddie’s retirement was managed by B & CU, the chancery court clarified that the B & CU retirement account was the Solae LLC retirement account, of which Fannie had been awarded forty percent. Quite telling is the fact that Eddie has not argued the B & CU retirement account has nothing to do with his employment with Solae LLC, but instead has argued various procedural rules prohibit Fannie from collecting her property award.
¶ 10. In clarifying that the prior judgment included the B & CU account, the chancery court neither exceeded its authority nor abused its discretion. Because we find the order is neither an improper reconsideration nor an alteration of the prior judgment, we affirm.
¶ 11. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON AND FAIR, JJ., CONCUR. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND ROBERTS, J.

. Cotton v. Cotton, 44 So.3d 371, 378 (¶¶ 20-23) (Miss.Ct.App.2010).

. UCCR 8.05.

. According to the letter B & CU sent Fannie, attached to Fannie’s motion for interpretation, B & CU also rejected the QDRO based on the mistaken belief that Fannie was not entitled to a portion of Eddie’s retirement because her marriage to Eddie had been found void. But see Cotton, 44 So.3d at 377 (¶¶ 16-17) (holding that a member of a knowingly bigamous marriage was not prevented from receiving an equitable distribution of the property acquired during the void marriage).